COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Overton
Argued at Alexandria, Virginia


SEAN ANTHONY RANDOLPH

v.          Record No. 1626-94-4          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Thomas J. Middleton, Judge Designate

              J. Amy Dillard, Assistant Public Defender, on
              brief, for appellant.

              Monica S. McElyea, Assistant Attorney General
              (James S. Gilmore, III, Attorney General, on brief),
              for appellee.


     The sole issue presented by Sean Anthony Randolph (appellant) in this appeal from his bench trial conviction by the Circuit Court of the City of Alexandria (trial court), for possession of a firearm by a convicted felon, is whether the trial court erred in denying appellant's motion to suppress the evidence of the pistol found in his possession.  Finding no error, we affirm the judgment of the trial court.

     The Commonwealth having prevailed below, we state the evidence in the light most favorable to the Commonwealth. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On February 13, 1994, Alexandria Police Officer Florio (Florio) observed appellant standing in a space between

_____

     *Pursuant to Code § 17-116.010 this opinion is not designated for publication.

two buildings in an area where "No Trespassing" signs were posted. The property owner had given the police authority to enforce this restriction. Florio recognized appellant from prior trespassing arrests and previously talking with him and knew that he did not reside in this area.

From prior experience, Florio knew that many of the residents in this area did not lock their front doors and that from time to time uninvited persons would enter their homes. Florio further observed appellant move back behind a building, peek out several times, and finally move out and enter one of the buildings. Appellant remained inside for approximately fifteen minutes, emerged, and entered a cab. Florio followed the cab and stopped it by use of his emergency lights. As the cab stopped, Alexandria Police Officer W. McMeans (McMeans) joined Florio. As McMeans approached the cab, appellant emerged and as McMeans started to advise appellant that he needed to "pat him down," appellant "lunged" toward McMeans. McMeans tackled appellant and, as they fell to the ground, McMeans heard something metallic strike the ground and saw a loaded pistol magazine nearby. As Florio came to assist McMeans, he also observed a pistol magazine under appellant's right hip. Suspecting that appellant possessed a pistol, the officers handcuffed and searched him. The search produced a handgun.

The trial court held that the gun was discovered as a result of appellant's attempt to flee from the investigation which was a

"whole new circumstance," and denied appellant's motion to suppress the evidence that he possessed a firearm.

We hold that no attempt to arrest appellant was made until, as he exited the cab, he "lunged" at the police officer who, in the course of a tussle brought on by appellant's conduct, discovered the pistol magazine. Until then, the cab stop merely occurred as a result of an articulated reasonable suspicion that appellant may have been engaged in criminal activity, that is, that he was illegally trespassing on the property of another. Therefore, appellant's Fourth Amendment rights were not violated where the pistol was discovered during the search of his person. See Terry v. Ohio, 392 U.S. 1 (1968); Woodson v. Commonwealth, 245 Va. 401, 429 S.E.2d 27 (1993). As Justice Lacy said in her concurring opinion in Woodson, appellant "forfeited whatever right he had to resist arrest prior to [lunging at the officer] . . . by his chosen method of resistance. Banner v. Commonwealth, 204 Va. 640, 647, 133 S.E.2d 305, 310 (1963)." Woodson at 407, 429 S.E.2d at 31.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.